IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ANGELA ALLEN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CB1, INC. d/b/a CB1 COLLECTIONS<br><br><br><br>　　　　　　Defendant. | **COMPLAINT**<br><br>Case No.: 6:21-cv-558<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Angela Allen, by and through the undersigned counsel, and for her Complaint against Defendant, CB1, Inc. d/b/a CB1 Collections ("CB1"), under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. Plaintiff resides in the city of Temple, a part of Bell County, Texas, 76501.

6. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Temple, a part of Bell County, Texas 76501, making Waco a proper venue under 28 U.S. Code § 1391(b)(2).

7. Defendant, a Montana corporation headquartered in Missoula, Montana practices as a debt collector throughout the country, including Texas.

8. Defendant attempts to collect alleged debts throughout the state of Texas, including in Temple city and Bell county.

9. Defendant has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

10. Defendant has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Temple city and Bell county, Defendant is incorporated in the state, and Defendant attempts to collect alleged debts throughout the state of Texas.

11. As Defendant knowingly attempted to collect on a debt allegedly incurred in Temple, Texas and thus has sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

**STANDING**

12. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

13. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive

rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

14. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

15. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

**PARTIES**

16. Plaintiff, Angela Allen (hereafter "Plaintiff"), is a natural person currently residing in the State of Texas.

17. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

18. Defendant, CB1 is a Montana corporation with its principal offices at 1715 Reserve Street, Suite C, Missoula, Montana 59801.

19. Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

20. Defendant regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## **FACTUAL ALLEGATIONS**

21.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

22.     On a date better known by Defendant, Defendant began to attempt collection activities on Plaintiff's alleged debt.

23.     On or about December 3, 2020, Plaintiff had a telephone conversation with Defendant regarding an alleged debt allegedly owed by Plaintiff.

24.     The alleged debt was said to be owed for alleged residential energy bill and would therefore only have been incurred for personal or household purposes.

25.     The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

26.     The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

27.     During the telephone call, Plaintiff stated she did not agree with the balance and that she had paid the total amount of the bill.

28.     Defendant should have accepted the dispute at that point and ended the call.

29.     Defendant's representative instead told Plaintiff that she would have to provide proof that she did not owe the alleged debt and send it to Defendant.

30.     It is well settled that § 1692 does not impose a writing requirement on a consumer. See, Register v. Reiner, Reiner & Bendett, P.C., 488 F.Supp.2d 143 (D.Conn. 2007), Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, 464 F.Supp.2d 720 (N.D. Ohio 2006), Baez v. Wagner & Hunt, P.A., 442 F.Supp.2d 1273 (S.D.Fla. 2006), Turner v. Henandoah Legal Group, P.C., No. 3:06CV045, 2006 WL 1685698 (E.D. Va. 2006), Vega v. Credit Bureau Enter., No. CIVA02CV1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005), Nasca v. GC Servs. Ltd. P'ship, No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002), In re Risk Mgmt. Alternatives, Inc., Fair Debt Collection

Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002), Sambor v. Omnia Credit Servs., Inc., 183 F.Supp.2d 1234 (D.Haw. 2002), Sanchez v. Robert E. Weiss, Inc., 173 F.Supp.2d 1029 (N.D. Cal. 2001), Castro v. ARS Nat'l Servs., Inc., No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), Ong v. Am. Collections Enter, No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999), Reed v. Smith, Smith & Smith, No. Civ. A. 93-956, 1995 WL 907764 (M.D.La. Feb. 8, 1995), Harvey v. United Adjusters, 509 F.Supp.1218 (D.Or. 1981), Semper v. JBC Legal Group, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005). (Collector's must communicate that a debt is disputed. Matter of Sommersdorf., 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 D.Utah 1997). (A consumer is entitled to dispute a debt orally and need not seek validation to overcome the debt collector's assumption of validity.), See, Rosado v. Taylor, 324 F. Supp. 2d 917 (N.D. Ind. 2004). (The collection attorney violated § 1692g(a)(3) by requiring that disputes be in writing to prevent the collector from considering the debt valid. The court noted that oral disputes overcome the assumption of validity and impose a requirement under § 1692e(8) that the debt collector report the dispute if reporting the debt to third parties. Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002), Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004).

31. Moreover, Plaintiff is entitled to dispute the alleged debt for any reason, or even no reason at all. Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all), Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA), Castro v. ARS National Servs., Inc., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), Frey v. Satter, Beyer & Spires, 1999 WL 301650 (N.D. Ill. May 3, 1999).

32. Plaintiff is under no obligation to prove a debt is invalid. Rather, Defendant must prove the validity of the debt in order to continue collection attempts. Attempting to force extra requirements on Plaintiff stymies her rights granted to her under the FDCPA.

33. Defendant should not attempt to collect on debts it knows are invalid or that it knows it cannot validate.

34. Defendant knew, or should have known, that the above statements were false, misleading, and harassing in nature.

35. All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

36. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding her situation.

37. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

38. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

39. Defendant's action has created an appreciable risk of harm to the underlying concrete interests that Congress sought to protect in creating the FDCPA.

40. Plaintiff would have pursued a different course of action had Defendant not violated the statutory protections created by Congress.

41. Plaintiff attempted to pursue her right yet was left with no actual knowledge as to how to proceed based on Defendant's actions.

42. Defendant's denial of Plaintiff's rights caused harm in the form of impaired credit, no plausible way of ascertaining the status of her debt in order to make a rational determination as to

how to proceed and forcing her to make financial decisions based on misinformation and engage in financial planning based on incorrect facts.

43. Defendant knew, or should have known, that the above statements were false, misleading, and harassing in nature.

44. All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

45. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding her situation.

46. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendant.

47. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

48. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

**COUNT I: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt**

49. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

50. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but

not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

51. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C. § 1692e(10).

52. Defendant's collection efforts only serve to confuse and mislead the consumer.

53. Defendant's collection efforts were materially false, misleading, and deceptive.

54. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Angela Allen, prays that this Court:

  A. Declare that CB1's debt collection actions violate the FDCPA;

  B. Enter judgment in favor of Plaintiff Angela Allen and against CB1, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

  C. Grant other such further relief as deemed just and proper.

## COUNT II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse, False or Misleading Representation

55. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

56. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

57. CB1's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

58. CB1's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Angela Allen prays that this Court:

    A.    Declare that CB1's debt collection actions violate the FDCPA;

    B.    Enter judgment in favor of Plaintiff Angela Allen, and against CB1, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

    C.    Grant other such further relief as deemed just and proper.

## COUNT III: Violations Of § 1692f Of The FDCPA –Unfair Practices

59. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

60. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

61. CB1's communications with Plaintiff were deceptive and misleading.

62. CB1 used unfair and unconscionable means to attempt to collect the alleged debt.

63. CB1's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Angela Allen prays that this Court:

    A.    Declare that CB1's debt collection actions violate the FDCPA;

    B.    Enter judgment in favor of Plaintiff Angela Allen and against CB1, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

    C.    Grant other such further relief as deemed just and proper.

## JURY DEMAND

64. Plaintiff demands a trial by jury on all Counts so triable.

Dated: June 2, 2021

                                                      Respectfully Submitted,

                                                      **HALVORSEN KLOTE**

By:      _/s/ Joel S. Halvorsen_

               Joel S. Halvorsen, #67032
               680 Craig Road, Suite 104
               St. Louis, MO  63141
               P: (314) 451-1314
               F: (314) 787-4323
               joel@hklawstl.com
               *Attorney for Plaintiff*